IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY LEE POSEY                                                                                  PETITIONER
ADC #113508

v.                              CASE NO.: 5:08CV00129 JLH-BD

LARRY NORRIS, Director,
Arkansas Department of Correction                                                                RESPONDENT

RECOMMENDED DISPOSITION

I.      Procedure for Filing Objections

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.     Background**

On February 25, 1997, Petitioner pled guilty to robbery in Circuit Court of Crittenden County, Arkansas, and was sentenced to ten years' probation. (#12-3) On October 6, 2003, the State filed a petition to revoke Petitioner's probation. (#12-4 at p. 39) On February 25, 2004, after a revocation hearing, the Crittenden County Circuit Court found that Petitioner had violated the terms of his probation by consorting with others in the commission of a crime and breaking into an automobile. The court revoked Petitioner's previously imposed probationary sentence and sentenced Petitioner to ten years' imprisonment in the Arkansas Department of Correction ("ADC"). (#12-4 at pp. 36-37)

On March 11, 2004, Petitioner filed a notice of appeal with the Arkansas Court of Appeals. On May 18, 2005, the Court of Appeals affirmed the Petitioner's revocation, and on June 7, 2005, the Court issued a mandate returning jurisdiction to the trial court. (#12-6, #12-7) *Posey v. State*, No. CACR 04-610, 2005 WL 1168401, at *1 (May 18, 2005).

On December 10, 2004, Petitioner filed a habeas corpus petition, and on February 14, 2005, he filed a petition for writ of error *coram nobis* in the Circuit Court of

Crittenden County. (#12-8, #12-9) On February 18, 2005, Petitioner filed a motion to dismiss both of these petitions because his appeal was still pending in the Arkansas Court of Appeals. (#12-10)

On May 27, 2005, after the Court of Appeals had issued its decision but before the Clerk of the Court had issued a mandate, Petitioner filed a petition with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure. (#12-13) The trial court held a hearing on the Rule 37 petition on December 16, 2005, and entered an order on February 16, 2006, denying relief. (#12-14) Petitioner appealed the denial of relief on the Rule 37 petition, and on June 29, 2009, the Arkansas Supreme Court dismissed the appeal. *Posey v. State*, No. CR 06-518, 2006 WL 1781499, at *1 (June 29, 2006). The Court held that Petitioner's Rule 37 petition was untimely filed because it was filed before the mandate was issued. Rule 37.1 requires that a petition be filed after the mandate is issued in a case. *Id*.

On March 1, 2007, Petitioner filed a Motion to Vacate Conviction and Sentence in the Crittenden County Circuit Court. In the motion, Petitioner claimed: (1) ineffective assistance of counsel; (2) the trial court erred by failing to appoint new counsel; and (3) the trial court and counsel erred in knowingly accepting perjured testimony. (#12-16 at pp. 7-9) The court denied the motion to vacate on October 26, 2007 as an attempt to rehash claims that were made or that could have been made in his Rule 37 petition. (#12-17)

3

Petitioner filed the instant habeas petition seeking relief under 28 U.S.C. § 2254 on May 5, 2008.

## III.   The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year statute of limitations during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner's probation was revoked on February 25, 2004. The Arkansas Court of Appeals affirmed the probation revocation on May 18, 2005, but did not issue a mandate until June 7, 2005. Petitioner did not appeal the Arkansas Court of Appeals' decision to the Arkansas Supreme Court. Calculating the date from June 7, 2005, the statute of limitations for Petitioner to file a federal habeas corpus petition expired on June 7, 2006.[1] Petitioner filed the current petition on May 5, 2008, well after the expiration date.

---

[1] Because Petitioner did not appeal the Arkansas Court of Appeals' decision to the Arkansas Supreme Court, the expiration of time for seeking review does not include the 90-day period for filing for a writ of certiorari with the United States Supreme Court. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008).

### A. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A petition for Rule 37 post-conviction relief that is untimely filed is not, however, a "properly filed application for state post-conviction or other collateral review," and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply in that circumstance. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 410-417 (2005).

Under Arkansas Rule of Criminal Procedure 37.2(c), if an appeal of the judgment is taken, a petitioner may file a claim for post-conviction relief "within sixty (60) days of the date the mandate was issued by the appellate court." In this case, Petitioner improperly filed his claim for post-conviction relief *before* the mandate was issued, and consequently the Arkansas Supreme Court held that the trial court lacked jurisdiction to hear Petitioner's Rule 37 petition. Accordingly, Petitioner is not entitled to statutory tolling. His claims are barred by the statute of limitations unless he is entitled to equitable tolling.

### B. Equitable Tolling

The statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling is proper,

however, only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or when the conduct of the respondent has lulled the plaintiff into inaction.  *Id.* (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)).  Equitable tolling affords an "exceedingly narrow window of relief." *Id.* at 805.  The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling.  See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

The Court has carefully reviewed and liberally construed the petition but cannot find anything in Petitioner's filing to justify equitable tolling.  Petitioner did not reply to the response or allege in his petition that he is entitled to equitable tolling.  Petitioner has not alleged extraordinary circumstances that made it impossible for him to file a timely habeas petition.  He knew, or should have known through the exercise of due diligence, of all of the filing deadlines and procedures for filing his claims.  Accordingly, Petitioner's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).

## IV.   Conclusion

The Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus (#2) with prejudice.

DATED this 19th day of August, 2009.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE